The GrayBar Building
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050 – Phone
(212) 490-6070 - Fax

1599 Post Road East
Westport, CT 06880
(203) 256-8600 – Phone
(203) 255-5700 - Phone
(203) 256-8615 – Fax
(203) 255-5702 - Fax



July 29, 2020

Honorable Stephen I. Locke
United States Magistrate Judge
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

**Plaza Marine Inc. and Plaza Fueling Agents
v. Bouchard Transportation Co., Inc.
USDC, EDNY - 20 Civ. 1009 (JMA)(SIL)
File: 4766**

Dear Magistrate Judge Locke:

Our law firm represents plaintiffs Plaza Marine Inc. and Plaza Fueling Agents (collectively "Plaza") in the captioned action which involves claims against defendant Bouchard Transportation Co., Inc. ("Bouchard") *in personam* and various vessels *in rem* for failure to pay for marine fuel (commonly known as "bunkers") that plaintiffs supplied to the vessels, which are all tugboats or pushboats.

By letter motion dated and filed with the Court yesterday, July 28th, Freehill, Hogan & Mahar, the law firm representing defendant Bouchard, has asked to withdraw and be relieved as counsel for Bouchard in this action. On behalf of the Plaza plaintiffs, I have been authorized to inform the Court that plaintiffs have no objection to the motion.

There is another pending item in this case that I would like to bring to Your Honor's attention. By letter dated and filed with the Court on July 13th (copy enclosed as Exhibit A to this letter), I requested a pre-motion conference for the Court to consider plaintiffs' application that they be permitted to file a Second Amended Complaint. Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, leave of Court would not be required if plaintiffs' obtained "the opposing party's written consent" but Mr. Walsh of Freehill, Hogan & Mahar explained to me that it would be inconsistent for him to provide consent since he had instructions from Bouchard to withdraw as their attorneys. Therefore, I filed my letter to request a pre-motion conference.

      When I did not hear back from the Court about the request set forth in my July 13th letter, I telephoned Judge Azrack's chambers on July 23rd to ask that my request for a pre-motion conference be considered.  No one has communicated with me about the request and I now see a possible reason for that.  I made the request to Judge Azrack when I should have made the request to you, as the Magistrate Judge assigned to the case.  I sincerely apologize for that oversight.

      Since defendant Bouchard's attorneys have now filed a motion to withdraw and plaintiffs are not objecting to that motion, perhaps Your Honor can simply "so order" this letter to allow plaintiffs to proceed with the requested filing of a Second Amended Complaint. Plaintiffs would gratefully appreciate the Court's indulgence in that regard.

      Respectfully submitted,

      Lennon, Murphy & Phillips, LLC

By *[signature: Keith W. Heard]*

      Keith W. Heard

cc: Freehill, Hogan & Mahar
    Attn: John J. Walsh, Esq.

# EXHIBIT A

Case 2:20-cv-01009-JMA-SIL   Document 14   Filed 07/29/20   Page 3 of 5 PageID #: 120



The GrayBar Building
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050 – Phone
(212) 490-6070 - Fax

1599 Post Road East
Westport, CT 06880
(203) 256-8600 – Phone
(203) 255-5700 - Phone
(203) 256-8615 – Fax
(203) 255-5702 - Fax

July 13, 2020

Honorable Joan M. Azrack
United States District Judge
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

**Plaza Marine Inc. and Plaza Fueling Agents
v. Bouchard Transportation Co., Inc.
USDC, EDNY - 20 Civ. 1009 (JMA)(SIL)
File: 4766**

Dear Judge Azrack:

Our law firm represents plaintiffs Plaza Marine Inc. and Plaza Fueling Agents (collectively "Plaza") in the captioned action which involves claims against defendant Bouchard Transportation Co., Inc. *in personam* and various vessels *in rem* for failure to pay for marine fuel (commonly known as "bunkers") that plaintiffs supplied to the vessels, which are all tugboats or pushboats.

With the filing of an Amended Verified Complaint on February 27, 2020, plaintiffs alleged claims covering eleven invoices in the total amount of $465,274.66. Fortunately, defendant then proceeded to make several payments to plaintiffs that reduced the amount owed on the claims to just $55,053.78 on two invoices. In part because they were encouraged by defendant's substantial paydown of its indebtedness, plaintiffs provided additional fuel to four of the defendant vessels (the FREDERICK E. BOUCHARD, J. GEORGE BETZ, JANE A. BOUCHARD and DENISE A. BOUCHARD) in March. The value of the fuel supplied in these bunker stems came to $179,801.76.

Unfortunately, defendant has still not paid the $55,053.78 that is due under the Amended Verified Complaint and it has also not paid for the fuel that was furnished to the four vessels in March. Accordingly, plaintiffs would like to file a Second Amended Complaint that would keep the two remaining claims described in paragraphs 25 and 26 of the first Amended Complaint and add the four new claims. The total ad damnum in the Second Amended Complaint would be

$234,855.54 plus interest, costs and legal fees. Bouchard Transportation Co., Inc. would remain as the sole *in personam* defendant and only five of the eight vessels named in the Amended Verified Complaint would be named in the Second Amended Complaint.

Too much time has passed since the filing of the Amended Verified Complaint for plaintiffs to file a Second Amended Complaint "as a matter of course," to use the language of Rule 15(a)(1) of the Federal Rules of Civil Procedure. This shifts the focus to Rule 15(a)(2), which provides as follows:

> *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

On July 7th, the undersigned wrote to John J. Walsh of Freehill, Hogan & Mahar, counsel for defendant Bouchard in this action, "to request that you provide Bouchard's written consent that Plaza may file a Second Amended Complaint on the basis of the six unpaid invoices." However, Mr. Walsh advised the undersigned by email on Friday, July 10th, that "I have been instructed to withdraw from representing the Defendants in this matter and will be filing motion papers next week." In a telephone conversation with Mr. Walsh today, the undersigned asked if it may be possible for him to consent to the filing of the Second Amended Complaint before he leaves the case. However, Mr. Walsh reiterated that his only instructions are to file a motion to withdraw as counsel.

Since plaintiffs are unable to obtain "the opposing party's written consent," in accordance with Rule 15(a)(2), they must seek leave of Court to file the Second Amended Complaint.

In accordance with Section IV(B) of Your Honor's Individual Rules, plaintiffs respectfully request the scheduling of a pre-motion conference to consider their application for permission to file a motion to obtain leave allowing plaintiffs to file a Second Amended Complaint in this action. If, as anticipated, defendant Bouchard's attorneys file a motion to withdraw, as they have indicated will happen, perhaps the Court can simply "so order" this letter to allow plaintiffs to proceed with the requested filing.

Respectfully submitted,

Lennon, Murphy & Phillips, LLC

By *Keith W. Heard*

Keith W. Heard

cc: Freehill, Hogan & Mahar
    Attn: John J. Walsh, Esq.

2